IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA RODRIGUEZ, Plaintiff | § § § | |
| | § | CIVIL ACTION NO. |
| vs. | § § | Jury Trial Demanded |
| FULTON FRIEDMAN & GULLACE, LLP, MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC. AND ENCORE CAPITAL GROUP, INC. Defendants | § § § § § § § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing their violative behaviors.

1

3. Service may be made upon Defendants in any other district in which they may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6. Plaintiff, Martha Rodriguez ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Harris, and City of Houston.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Fulton Friedman & Gullace, LLP ("FF&G") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. FF&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10. Defendant, Midland Funding, LLC, ("MF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in

the business of attempting to collect "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

11. MF is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

12. Defendant, Midland Credit Management, Inc., ("MCM") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

13. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

14. Defendant, Encore Capital Group, Inc. ("ECG") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

15. ECG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

16. MF is a wholly owned subsidiary of ECG.

17. MCM is a wholly owned subsidiary of ECG

18. FF&G, MF, MCM, and ECG acted jointly and in concert to collect a debt from Plaintiff, and generally act jointly and in concert to collect consumerdebts incurred primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than FF&G or MCM.

20. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than FF&G or MCM, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

21. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than FF&G or MCM.

22. FF&G, MF, MCM, and ECG use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23. MF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

24. MF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

25. MF is thoroughly enmeshed in the debt collection business, and MF is a significant participant in FF&G's debt collection process.

26. In connection with the collection of an alleged debt, Defendant MCM, itself and on behalf of MF and ECG, sent Plaintiff two, substantially similar, written communications dated December 24, 2011, titled "NOTICE OF NEW OWNERSHIP

AND PRE-LEGAL REVIEW." (See December 24, 2011 letters, attached hereto as Exhibit A).

27. The front of the December 24, 2011 letters further stated, in relevant part, as follows:

> If we don't hear from you or receive payment by 02-07-2011, we may proceed with forwarding this account to an attorney.
>
> **What do you need to do to stop this process from continuing?**
>
> 1) Mail in $750.00 and call to set up your remaining payments.
>
> 2) Call us today to see how to qualify for discounts and payment plans.
>
> **LET US HELP YOU!** Once the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: **(800) 265-8825**.

(See Exhibit A) (emphasis in original).

28. The letters further stated in a boxed column on the side of the letter, as follows:

> "BENEFITS OF PAYING!
>
> ➢ This may be your last chance to work with us before the account goes to an attorney.
>
> ➢ No additional interest will be charged to your account.
>
> ➢ Get rid of this debt and get on with your life.
>
> Once your account is paid,
>
> ➢ All collection calls and letters on this account will stop!

5

> ➤ We will notify the credit bureaus the debt is PAID IN FULL."

(Exhibit A) (emphasis in original).

29. On the back of the letters, in smaller print, were the notices required by 15 U.S.C. § 1692g(a).

30. The threats on the front of the letter were place above and in front of the disclosures required pursuant to 15 U.S.C. § 1692g(a).

31. Further, the required disclosures were placed on the back of the page, and written in smaller print than that of the remainder of the correspondence, and as such, was specifically designed to draw Plaintiff's attention away from the recitation of his consumer rights, and direct Plaintiff's attention toward the threats of impending litigation.

32. In making these statements in such a manner within the initial thirty-day dispute period, Defendants overshadowed and obscured the disclosures required by 15 U.S.C. § 1692g(a) et seq.

33. In connection with collection of an alleged debt, Defendant FF&G, itself and on behalf of Defendant MF, MCM, and ECG, placed a call to Plaintiff's place of employment on May 19, 2011 at 4:43 P.M., and at such time, left a voicemail message stating:

> This message is for Martha Rodriguez. If you could place call the law firm of Fulton, Friedman & Gullace, we'd appreciate it. That number is 1-800-869-2331. 1-800-869-2331. Thank you.

34. The May 19, 2011 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

35. The May 19, 2011 voicemail message failed to disclose the caller's individual identity.

36. In failing to mention that the call was from debt collector and disclose the caller's individual identity, the May 19, 2011 voicemail message failed to provide meaningful disclosure of the caller's identity.

37. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(b)
### DEFENDANTS MF, MCM, AND ECG

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

39. Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

40. MCM's December 24, 2010 letters, sent on behalf of itself, MF, and ECG, violated 15 U.S.C. § 1692g(b) by overshadowing the required disclosures. (See Exhibit A).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MF, MCM, and ECG violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(11) ALL DEFENDANTS

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

42. 15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following Conduct is a violation of this section:
>
> *    *    *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that

> initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

43. Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336 (S.D. Fla. 2008), *citing Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

44. In connection with collection of an alleged debt, Defendant FF&G, itself and on behalf of Defendant MF, MCM, and ECG, placed a call to Plaintiff's place of employment on May 19, 2011 at 4:43 P.M., and at such time, left a voicemail message in which FF&G stated:

> This message is for Martha Rodriguez. If you could place call the law firm of Fulton, Friedman & Gullace, we'd appreciate it. That number is 1-800-869-2331. 1-800-869-2331. Thank you.

45. The May 19, 2011 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

46. By failing to notify Plaintiff that the message was from a debt collector, the May 19, 2011 voicemail message violated 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FF&G, MF, MCM, and ECG violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(6) ALL DEFENDANTS

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

48. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> \* \* \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

49. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

50. A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt." *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 \*5 (S.D. Cal. 2010).

51. In connection with collection of an alleged debt, Defendant FF&G, itself and on behalf of Defendant MF, MCM, and ECG, placed a call to Plaintiff's place of employment on May 19, 2011 at 4:43 P.M., and at such time, left a voicemail message in which FF&G stated:

> This message is for Martha Rodriguez. If you could place call the law firm of Fulton, Friedman & Gullace, we'd appreciate it. That number is 1-800-869-2331. 1-800-869-2331. Thank you.

52. The May 19, 2011 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

53. The May 19, 2011 voicemail message failed to disclose the caller's individual identity.

54. In failing to mention that the call was from debt collector and disclose the caller's individual identity, the May 19, 2011 voicemail message failed to provide meaningful disclosure of the caller's identity.

55. By failing to provide meaningful disclosure of the caller's identify, the May 19, 2011 voicemail message violated 15 U.S.C. § 1692d(6).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FF&G, MF, MCM, and ECG violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV: VIOLATION OF TEXAS FINANCE
## CODE § 392.304(a)(5)(B)
## ALL DEFENDANTS

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

57. Tex. Fin. Code § 392.304(a)(5)(B) prohibits a third-party debt collector from failing to disclose "that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor."

58. In connection with collection of an alleged debt, Defendant FF&G, itself and on behalf of Defendant MF, MCM, and ECG, placed a call to Plaintiff's place of employment on May 19, 2011 at 4:43 P.M., and at such time, left a voicemail message in which FF&G stated:

> This message is for Martha Rodriguez. If you could place call the law firm of Fulton, Friedman & Gullace, we'd appreciate it. That number is 1-800-869-2331. 1-800-869-2331. Thank you.

59. The May 19, 2011 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

60. By failing to notify Plaintiff that the message was from a debt collector, the May 19, 2011 voicemail violated Tex. Fin. Code § 392.304(a)(5)(B).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that FF&G, MF, MCM, and ECG violated Tex. Fin. Code § 392.304(a)(5)(B);

13

b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code § 392.403(a)(1);

c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V: VIOLATION OF THE DTPA
### ALL DEFENDANTS

61. Plaintiff repeats and re-alleges each and every allegation contained within paragraphs 1 through 37.

62. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

63. FF&G, MF, MCM, and ECG violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FF&G, MF, MCM, and ECG violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## **CERTIFICATE OF SERVICE**

      I certify that on December 23, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

                                                     /s/ Dennis R. Kurz
                                                     Dennis R. Kurz