IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARTHA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-11-4592** |
| | § | |
| **FULTON FRIEDMAN & GULLACE,** | § | |
| **LLP, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY FROM DEFENDANT
FULTON, FRIEDMAN & GULLACE, LLP**

Plaintiff Martha Rodriguez moves to compel discovery from Defendant Fulton, Friedman &
Gullace, LLP ("FFG").

**I.      STATEMENT OF THE ISSUES.**

The Fifth Circuit requires that the party resisting discovery must show specifically how each
request is not relevant or how each question is overly broad, burdensome or oppressive, etc. FFG
objected to Ms. Rodriguez's discovery requests using a boilerplate menu of general, broad-based,
objections unparticular to any specific request. Should FFG's objections be overruled?

Blanket assertions of privilege are unacceptable; privileges must be specifically asserted with
respect to particular documents. FFG made blanket assertions of privilege without respect to any
particular documents. Are such assertions sufficient?

Under Rule 26(b), parties may obtain discovery regarding any nonprivileged matter that is
relevant to any party's claim or defense. Ms. Rodriguez requested documents and information
concerning the elements of the parties' claims and defenses, the threshold requirements of Rule 23(a),
and statutory damages. Is such information discoverable?

1

## II.  NATURE AND STAGE OF PROCEEDING.

1.      On August, 1, 2012, Ms. Rodriguez served the discovery at issue. *See* Appendix of Exhibits ("App.") at 1.

2.      On November 5, 2012, this Court denied the Encore Defendants' second motion to dismiss, motion to stay discovery, and motion for a protective order—directing the parties to proceed with discovery without further delay. *See* App. 33, 37 (hearing transcript).

3.      On November 8, 2012, Ms. Rodriguez withdrew those requests concerning previously dismissed claims and requested FFG responses to the operative discovery requests by November 14, 2012. *See* App. 39; 46 (requests for production); 59 (interrogatories); 67 (requests for admission).

4.      FFG did not respond.

5.      On November 14, 2012, Ms. Rodriguez again requested that FFG provide a discovery status update. *See* App. 109 ("What is the status of Fulton, Friedman & Gullace's written discovery responses?").

6.      FFG did not respond.

7.      On December 10, 2012, in part due to FFG's failure to serve discovery responses, Ms. Rodriguez (a) requested FFG's agreement in moving to extend the expert report deadlines for all parties, and (b) again requested a firm date for service of FFG's discovery responses. *See* App. 110 ("Ms. Lang, Please provide your S.D. Texas bar number for inclusion on your signature block, and please provide the date when Fulton, Friedman & Gullace, LLP will serve its discovery responses").

8.      FFG provided counsel's information, but did not respond to the request for a discovery response date.

9. On Friday, December 14, 2012, FFG responded to notice of this motion. App. 112 ("A motion to compel is unnecessary. My firm will provide the responses on Monday. Please confirm your position on a motion to strike admissions and preserved privileges").

10. Ms. Rodriguez prepared a stipulation and agreement for FFG to serve discovery responses and email courtesy copies, including all documents produced, to Ms. Rodriguez by close of business on December 17, 2012. *See* Dkt. #66 (Stipulation and Agreement to Serve Discovery Responses).

11. On December 17, 2012, FFG requested "another couple of days to obtain the documents for [a] more comprehensive response." *See* App. 114 ("Please confirm your position on striking admissions and preserving objections and privileges . . . our defense contact would like another couple of days to obtain the documents for [a] more comprehensive response").

12. Emphasizing the need to act quickly, Ms. Rodriguez asked FFG to either (a) identify the specific requests and documents for which more time was sought, or (b) comply with its stipulation. *See* App. 118; Dkt. #66.

13. FFG did not identify any requests or documents and breached the stipulation (Dkt. #66). *See* App. 119.

14. On December 17, 2012, just before midnight, FFG emailed Ms. Rodriguez discovery responses "Part 1 of 3" and "Part 2 of 3," but not "Part 3 of 3." *See* App. 116-118 ("the emails are bouncing back and undeliverable. I am faxing this information to you.").

15. Part 1 of 3 comprises FFG's written objections and responses to Ms. Rodriguez's written discovery requests. *See* App. 73, 74 (responses to requests for production); App. 95 (responses to requests for admission); App. 104 (interrogatory answers).

16.     Part 2 of 3 is FFG's Employee Handbook—the single document (29 pages long), that FFG has produced. *See* App. 123 (handbook cover page).

17.     On December 19, 2012, FFG declared that "additional documents would be forthcoming . . . likely by the end of the week." *See* App. 125.

18.     Ms. Rodriguez immediately requested FFG to identify such documents. *See* App. 126.

19.     FFG did not identify any documents.

20.     On December 19, 2012, Ms. Rodriguez made two requests for FFG to produce the Part 3 of 3 to its discovery responses. *See* App. 124 ("We also never received part 3 of 3. Please refax it."); App. 128 ("And please confirm that you are re-faxing part 3 of 3").

21.     FFG did not respond.

22.     That afternoon, Ms. Rodriguez initiated a telephone conference. As the day wound down, FFG memorialized its new agreement to "produce additional documents by the end of the week." *See* App. 129 ("Per our discussion, my client will produce additional documents by the end of the week. In general these documents are agreements. I do not have the specific names of the documents").

23.     At week's end, FFG had produced neither additional documents nor the missing third of its initial discovery responses. Instead, at 7:32 p.m., Ms. Rodriguez received this news:

> My client [FFG] is reviewing documents responsive to your client's discovery request [sic] for a decision on how to proceed considering the privileged nature of the documents. This review includes a privilege log. At this time, the decisions regarding these documents remain pending. . . . Yesterday, I began a vacation, [I] do not return until January 2, 2013 and need time to confer upon return. . . I will follow up with you upon my return from vacation.

App. 130.

24.     On January 2, 2012, FFG failed to follow up with Ms. Rodriguez.

25.     As of January 10, 2012, Ms. Rodriguez has yet to receive the missing third of FFG's discovery responses, any additional documents, or a privilege log.[1]

## III.    STANDARD OF REVIEW.

Rule 26(b) (1) of the Federal Rules of Civil Procedure governs the scope of discovery unless otherwise limited in this Court's discretion. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevance is a fairly broad standard[.]" *Fisher v. Halliburton*, CIV.A. H-05-1731, 2009 WL 483890 (S.D. Tex. Feb. 25, 2009).

## IV.    AN ORDER COMPELLING FULTON, FRIEDMAN & GULLACE TO PROVIDE MEANINGFUL RESPONSES TO MS. RODRIGUEZ'S PROPER DISCOVERY REQUESTS IS NECESSARY.

Ms. Rodriguez served her first set of written discovery requests to FFG more than five months ago. *See* Section II ¶1. Ms. Rodriguez seeks four basic categories of documents and information: (A) the Encore Defendants' general practices and contractual debt-collection relationship with FFG, (B) Ms. Rodriguez's substantive claims and FFG's substantive defenses, (C) the elements of Federal Rule of Civil Procedure 23(a)-(b), and (D) damages. FFG's objections and claims of privilege are untimely and insufficient. Because the discovery sought is relevant, FFG must be compelled to disclose it.

## V.    MS. RODRIGUEZ PROPERLY REQUESTED DOCUMENTS AND INFORMATION RELEVANT TO THE ENCORE DEFENDANTS' GENERAL PRACTICES AND CONTRACTUAL DEBT-COLLECTION RELATIONSHIP WITH FFG.

Ms. Rodriguez's discovery requests properly request documents and information concerning concerning the Encore Defendants' general debt-collection practices and the Encore Defendants'

---

[1] The discovery conduct in this case resembles the deliberate discovery obstruction that caused The Honorable Jo Ann Delagado to dismiss Midland Funding, LLC's collection suit against Ms. Rodriguez with prejudice.  *See* App. 132-33 (Final Judgment signed on August 21, 2012).  FFG served as counsel for Midland Funding.

contractual relationship.[2] *See* App. 46-51 (request for production nos. 2, 3, 10-13, 25, 31-34, 43-47, 71, 72, and 77-79); App. 59 (interrogatory nos. 1, 10, 12, and 13); App. 68-96 (request for admission nos. 21, 23, 33, 34, 38 and 39).

> **A.   Under a Blanket of Unparticular Privilege, and on Grounds of Generalized Boilerplate Objections, FFG Refused to Provide Documents and Information Relevant to the Encore Defendants' General Practices and Contractual Relationship with FFG.**

FFG responded to Ms. Rodriguez's first set of written discovery requests with (1) a menu of generic and unparticular objections, such as "overly broad, irrelevant, harassing, improper fishing expedition, and unduly burdensome," and (2) blanket claims of boilerplate privilege non-specific to any particular documents or information. *See generally* App. 79-107 (written responses). The following examples are typical:

> 8. One copy of the contract or agreement pursuant to which Plaintiff's Account was placed with or acquired by Fulton, Friedman & Gullace, LLP.
>
> **RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC[,] and MCM's ability to conduct business. The request [sic] has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). FFG asserts (1) the attorney-client privilege; (2) the work product doctrine for both core and non-core work product; and/or (3) the prohibition against discovery from any consulting-only expert whose work product, opinions, or mental impressions are not reviewed by any testifying expert and such documents are withheld Subject to these objections, FFG asserts the inspection of non-privileged items will be permitted as requested and it will supplement its response to this request**

---

[2] *See* Ms. Rodriguez's Response to the Encore Defendants' Second Motion to Dismiss, Sections III-V (Dkt. #54 at 4-13).

reasonably prompt [sic] if additional documents responsive to this request are obtained.

\* \* \*

11. One copy of the Midland Account Handling Procedures concerning Plaintiff's Account.

**RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same [sic] this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because [sic] same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC[,] and MCM's ability to conduct business. The request [sic] has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests [sic] the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.Zd 343, 348 (Tex. 1987). FFG asserts (1) the attorney-client privilege; (2) the work product doctrine for both core and non- core work product; and/or (3) the prohibition against discovery from any consulting-only expert whose work product, opinions, or mental impressions are not reviewed by any testifying expert and such documents are withheld. Objection to the term "Midland Account Handline [sic] Procedures" in that it is not defined making in [sic] unintelligible and incapable of a response. Subject to these objections, FFG asserts the inspection of non-privileged items will be permitted as requested and it will supplement its response to this request reasonably prompt if additional documents responsive to this request are obtained.**

App. 76-77 (request for production nos. 2, 11).

1. Identify the contract(s) or agreement(s) pursuant to which Plaintiff's Account was placed with or assigned to Fulton, Friedman & Gullace, LLP, for collection.

**RESPONSE: FFG objects and asserts information or material responsive to the Interrogatory has been withheld because it is privileged. This party objects to the discovery request to the extent same [sic] this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because [the] same constitutes bona fide trade secrets or other intangible property**

> **rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC[,] and MCM's ability to conduct business. The request [sic] has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests [sic] the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). FFG intends to call Defendant.**

App. 104 (interrogatory no. 1).

> **B.     The Circumstances Behind FFG's Delay Weigh In Favor of Enforcing Waiver of FFG's Untimely, And Independently Insufficient, Unspecific Objections and Blanket Assertion of Privilege.**

The course of conduct behind FFG's failure to serve timely responses to Ms. Rodriguez's discovery requests weighs in favor of enforcing the waiver of FFG's independently insufficient boilerplate objections and blanket privilege assertions. *See* Section II ¶¶4-25, *supra*.

> **1.     FFG's Continual Delay and Pattern of Noncompliance Favors Waiver.**

If a party fails to respond in writing within thirty days of being served with a discovery request, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure. *Enron Corp. Sav. Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 156 (S.D. Tex. 2009) (quoting *In re United States*, 864 F.2d at 1156 ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections thereto are waived."). "Any other result would completely frustrate the time limits contained in the Federal rules and give license to litigants to ignore the time limits for discovery without any adverse consequences." *RE/MAX Int'l, Inc. v. Trendsetter Realty*, LLC, Civ. No. H-07-2426, 2008 WL 2036816 at *5 (S.D. Tex. May 9, 2008) (internal citation and quotation omitted).

"Courts examine the circumstances behind the failure to file a timely response to determine whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance; consider

subsequent actions by the party to ascertain whether it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner; and take into account any resulting prejudice and the need to preserve the integrity of the rule; and may consider any lesser appropriate sanction." *RE/MAX*, 2008 WL 2036816 at *5 (internal citation and quotation omitted).

The circumstances behind FFG's delay show a pattern of intentional defiance as part of a larger calculated strategy of noncompliance. On August 1, 2012, Ms. Rodriguez served FFG with her first set of written discovery requests. *See* Section II ¶1, *supra*. On November 8, 2012, Ms. Rodriguez narrowed her requests by withdrawing those relating to previously dismissed claims. *See* Section II ¶¶2-3, *supra*. After acknowledging that they were past due, FFG stipulated to serve responses by close of business on December 17, 2012 (*see* Dkt. #66), but breached that stipulation and several similar promises made thereafter. *See* Section II, ¶¶10-24. Rather than provide complete and meaningful responses, FFG emailed two thirds of its responses littered with meaningless objections. *See* Section II ¶14-16. In the absence of good cause, this Court's enforcement of waiver would seem fair.

### 2. Waiver Notwithstanding, This Court Should Overrule FFG's Boilerplate Objections Because, Independently, They Are Substantively Insufficient.

The Fifth Circuit requires that the party resisting discovery "must show specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that objections to document requests on the ground that they were "overly broad, burdensome, oppressive, and irrelevant" were insufficient) (citations omitted); *see also Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149, 159 (S.D. Tex. 2009). The type of unspecific, broad-based, objections lodged by FFG are inadequate to voice a successful objection to a discovery request. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Greystone Servicing Corp.,* Inc., 2007 WL 4179864 (N.D. Tex. 2007) (citing *Hodgdon v. Northwestern Univ.,* 245 F.R.D. 337, 340 n. 4 (N.D. Ill. 2007)

("The mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory").

FFG's general bjections—"overly broad, irrelevant, harassing, improper fishing expedition, and unduly burdensome," etc.—are meaningless. *See e.g.* App. 93 (request for production no. 77). FFG's objections are untimely and lack any explanation of how the privileges asserted apply, or to what documents and information. This Court should overrule FFG's objections.

> **3.    FFG's Blanket Assertions of Privilege Are Insufficient to Carry Its Burden of Specifically Asserting Each Privilege Claimed With Respect to Particular Documents.**

In federal question cases involving supplemental claims under state law, the federal law of privilege governs so long as the evidence in question is relevant to a federal claim. *See In re e2 Communications, Inc.,* 02-30574-BJH-11, 2006 WL 6510985 (Bankr. N.D. Tex. June 15, 2006) (citing *Blum v. Spectrum Restaurant Group Employees,* 2003 WL 367059 (E.D. Tex. 2003)). The relevancy of the discovery sought means the burden of proof to establish the existence of the privilege rests on FFG. *In re Sante Fe Intern. Corp.,* 272 F.3d 705 (5th Cir. 2001); *U.S. v. Kelly,* 569 F.2d 928 (5th Cir. 1978). FFG must establish both the existence of the privilege and the absence of a waiver. *James v. Harris County Sheriff's Dept.,* 234 F.R.D. 150 (S.D. Tex. 2006). FFG's blanket assertion of privilege, however, is insufficient to carry this burden.

FFG asserts the following blanket of boilerplate privileges over an unidentified group of documents:

1.    FFG objects and asserts information or material responsive to the request has been withheld because it is privileged.

2.    This party objects to the discovery request to the extent same [sic] this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly

damage FFG's, Midland Funding LLC[,'s] and MCM's ability to conduct business.

3. The request [sic] has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S.W.2d 343, 348 (Tex. 1987).

4. FFG asserts (1) the attorney-client privilege; (2) the work product doctrine for both core and non-core work product; and/or (3) the prohibition against discovery from any consulting-only expert whose work product, opinions, or mental impressions are not reviewed by any testifying expert and such documents are withheld.

*See generally,* App. 74-108.

Privileges must be specifically asserted with respect to particular documents. *United States v. El Paso Co.*, 682 F.2d 530, 538-39 (5th Cir. 1982). Privileges—attorney-client and attorney work product included—"may not be tossed as a blanket over an undifferentiated group of documents." *United States v. Davis*, 636 F.2d at 1044 n. 20; *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969).

FFG's blanket claims of privilege are simply inadequate. What's more, FFG failed to produce a privilege log or otherwise comply with Rule 26(b). This Court should not excuse FFG's failure to make its privilege claims precise. *See El Paso Co.*, 682 F.2d at 538-39 ("In *United States v. Davis*, we reiterated the unacceptability of blanket assertions of the attorney-client privilege. Such assertions disable the court and the adversary party from testing the merits of the claim of privilege. We cautioned . . . that 'future litigants who make only blanket assertions of privilege . . . should not expect [the Court's] grace.' *El Paso* had fair notice of the obligation to make its privilege claim precise. We cannot excuse its failure to do so.") (quoting 636 F.2d at 1044 n. 20) (internal citation omitted).

11

C.   **FFG Must Be Compelled to Disclose Relevant Information Concerning the Encore Defendants' General Practices and Contractual Relationship with FFG.**

Information and documents concerning the Encore Defendants' general practices and the Encore Defendants' contractual relationship with FFG is relevant. Ms. Rodriguez's second amended class action complaint states claims directly against FFG for violating the FDCPA, 15 U.S.C. § 1692e(11), and the TDCA, Tex. Fin. Code § 392.304(a)(5). *See* Dkt. #49. Ms. Rodriguez states claims against the Encore Defendants vicariously—alleging that each Encore Defendant is a "debt collector" vicariously liable for the violations of FFG, the agent and "debt collector" hired to collect debts on their behalf. *See* Dkt. #54 at 4-13.

Each Encore Defendant admits that pursuant to a servicing agreement with Midland Funding, LLC, Midland Credit Management, Inc. entered into a collection agreement with FFG, under which FFG attempted to collect alleged debts from consumers—including Ms. Rodriguez—on behalf of Midland Funding, LLC. *See* Dkt. ##61, 62, and 63 ¶¶19, 35, 39, 45-46 (the terms of these agreements "speak for themselves").

The contractual documents and related information sought by Ms. Rodriguez contain evidence that the Encore Defendants are "debt collectors" subject to vicarious liability under the FDCPA. Also relevant, such documents can be used to prove not only that the Encore Defendants contracted with FFG to collect debts on their behalf, but also that such agreements provide for the Encore Defendants' management and exercise of material control over the manner and details of performance. The vigorous daily reporting, auditing, and other record keeping and technological warranties and requirements are likely to lead to the discovery of admissible evidence concerning class numerosity and ascertainability.  Discussed at Section IX, *infra*. And the compliance policies and procedures contained therein go directly to FFG's affirmative defense of *bona fide* error.  Discussed at Section VI, *infra*.  The matter of the Encore Defendants' general practices and contractual relationship with FFG is relevant.

## VI. MS. RODRIGUEZ PROPERLY REQUESTED DOCUMENTS AND INFORMATION RELEVANT TO THE STATUTORY AFFIRMATIVE DEFENSE OF *BONA FIDE* ERROR RAISED BY FFG.

As of the date of this motion, FFG has not answered Ms. Rodriguez's second amended class action complaint (Dkt. #49). FFG did answer Ms. Rodriguez's original complaint, raising two affirmative defenses: (1) the statutory affirmative defense of *bona fide* error, *see* 15 U.S.C. § 1692k(c); and (2) that "damages, if they exist, were caused by or contributed to by the actions of third parties over which FFG has and hand [sic] no control. Those acts and/or omissions were a superseding cause of Plaintiff's alleged damages." *See* Dkt. #11 ¶¶48(1)-(2).

The discovery at issue properly requests documents and information concerning the elements the elements of the *bona fide* error defense. *See* App. 48-51 (request for production nos. 30, 48, 50, 61-69 ); App. 59-60 (interrogatory nos. 8, 9, 10, and 17); App. (request for admission nos. 31, 32, 38, and 39).

### A. FFG Resisted Discovery of Documents and Information Relevant to the Elements of FFG's *Bona Fide* Error Defense With Blanket Assertions of Privilege and Boilerplate Objections.

FFG refused to comply with Ms. Rodriguez's proper discovery requests concerning the elements of the statutory affirmative defense of *bona fide* error. Rather, FFG responded with boilerplate objections and blanket assertions of privilege. The following examples are typical:

> 48. One copy of each document demonstrating the occurrence of any error or mistake made by Fulton, Friedman & Gullace, LLP or any other party to this lawsuit concerning Plaintiffs Account, including any communications that reference Plaintiff s Account
>
> **RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same [sic] this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland**

13

**Funding LLC['|s and MCM's ability to conduct business. The request [sic] has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests [sic] the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). Subject to and without waiving the privileges and objections, FFG asserts that inspection and related activities for non-privileged items will be permitted.**

50. One copy of each document concerning policies and procedures maintained by Fulton, Friedman & Gullace, LLP for the purpose of avoiding violations of the federal Fair Debt Collection Practices Act.

**RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). Subject to and without waiving the privileges and objections, FFG asserts that inspection and related activities for non- privileged items will be permitted.**

App. 87 (request for production nos. 48, 50).

8. Identify all documents containing and/or setting forth all policies and procedures employed or utilized by Defendant in effort to avoid violations the federal Fair Debt Collection Practices Act

**RESPONSE: FFG objects and asserts information or material responsive to the Interrogatory has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's,**

14

**Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said information to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the information or their content See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987).**

10. Identify each contract or agreement concerning Plaintiffs's Account to which Defendant is a party or in which Defendant has an interest. (To be clear, this interrogatory includes contracts or agreements between Defendant and any other party to this action and specifically includes any contract or agreement pursuant to which Defendant contends that it acquired any right, title, or interest in Plaintiff's Account).

**RESPONSE: None.**

App. 105-106 (interrogatory nos. 8, 10 ).

> **B.** **The Circumstances Behind FFG's Delay Weigh In Favor of Enforcing Waiver of FFG's Untimely, And Independently Insufficient, Unspecific Objections and Blanket Assertion of Privilege.**

*See* Section V, B Subsections 1-3, *supra*.

> **C.** **FFG Must Be Compelled to Disclose Relevant Information Concerning the Elements of Its *Bona Fide* Error Defense.**

FFG has raised the affirmative defense *bona fide* error defense in this matter, but has not provided specific evidence to substantiate it. *See* Dkt. #11. Pursuant to 15 U.S.C. § 1692k(c), a debt collector is shielded from liability under the FDCPA if it can show by a preponderance of the evidence that its violation of the action was (1) not intentional, (2) resulted from a bona fide error, and 3) occurred despite the maintenance of procedures reasonably adapted to avoid such violation. *See Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009). "All three elements [] must be proven to qualify for the defense. The bona fide error defense is an exception to the FDCPA's strict liability standard." *White v. Regional Adjustment Bureau, Inc.*, Case 3:11-cv-01817-B (N.D. Tex., November 11, 2012) (App. 134, 146) (rejecting *bona fide* error defense where the debt

15

collector did "not allege, let alone proffer, even a scintilla of evidence supporting" elements one and two).

Barring the production of the requested documents and information, it will be extremely difficult to evaluate FFG's *bona fide* error defense. The only other way to gather information relevant to analyzing FFG's *bona fide* error defense would be to depose Rodney Dixon, George Baptist, David Witkowski, Rendee Shorts, and Medlin Chiyangwa—the "collectors with knowledge of a phone call made to [Ms. Rodriguez]. *See* App. 104 (interrogatory no. 2).  Adding five depositions would be time consuming and may impact Ms. Rodriguez's ability conduct the examinations she has planned. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Ms. Rodriguez intends take each Defendant's testimony through representatives designated under Rule 30(b)(6).  She plans to supplement representative testimony with managing agent testimony, if necessary. Ms. Rodriguez has already provided lists of Rule 30(b)(6) topics along with disclosure of four possible Rule 30(b)(1) deponents.

## VII.  MS. RODRIGUEZ PROPERLY REQUESTED DOCUMENTS AND INFORMATION RELEVANT TO CLASS CERTIFICATION.

Ms. Rodriguez's discovery requests properly request documents and information relevant to ascertaining class membership. *See* App. 47, 50. (Requests for Production Nos. 29, 52, 53, and 55); App. 60 (Interrogatory Nos. 15, 16); App. 68-70 (Requests for Admission Nos. 32, 33, 34, 41, and 42-48).

### A.  FFG Resisted Discovery of Documents and Information Relevant to Ascertaining Class Membership With Blanket Assertions of Privilege and Boilerplate Objections.

The following examples are typical:

32. Defendant documents each communication it makes, pursuant to the contract or between Defendant and Midland Credit Management, Inc.

**RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects**

to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). FFG asserts (1) the attorney- client privilege; (2) the work product doctrine for both core and non-core work product; and/or (3) the prohibition against discovery from any consulting-only expert whose work product, opinions, or mental impressions are not reviewed by any testifying expert and such information is withheki Subject to these withholding statements and objections, Defendant responds: Unable to admit or deny due to privileges asserted.

33. Defendant reports on a periodic basis each communication it makes, pursuant to the contract or agreement between Defendant and Midland Credit Management, Inc.

**RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987).0bjection, this request is vague, unintelligible and incapable of a response because FFG failed to define "reports." This request is an improper fishing expedition, harassing, irrelevant and not reasonably calculated to lead to admissible evidence. FFG asserts (1) the attorney-client privilege; (2) the work product doctrine for both core and non-core work product; and/or (3) the prohibition against discovery from any consulting-only expert whose work product, opinions, or mental impressions are not reviewed by any testifying expert and such**

**information is withheld Subject to these withholding statements and objections, Defendant responds: Unable to admit or deny due to privileges asserted.**

42. Defendant communicated the following voice message/voice recording to at least fifty 50 persons in Texas in connection with an attempt to collect money for Midland Credit Management, Inc., and/or Midland Funding, LLC:

> This message is for [personal name]. If you could please call the law firm of Fulton, Friedman & Gullace, we'd appreciate it. That number is 1-800-869-2331. 1-800-869-2331. Thank you.

**RESPONSE: FFG has made a reasonable inquiry and the information known or readily obtain is insufficient to enable FFG to admit or deny. Therefore, FFG lacks knowledge.**

App. 98, 99, and 101 (request for admission nos. 32, 33 and 42).

Ms. Rodriguez also requested that FFG admit the same proposition with respect to 100, 500, 1,000, 5,000, 10,000, and 50,000 persons in Texas. *See* App. 102-03 (request for admission nos. 43-48). FFG neither admitted or denied such facts. *See id.*

**B.   The Circumstances Behind FFG's Delay Weigh In Favor of Enforcing Waiver of FFG's Untimely, And Independently Insufficient, Unspecific Objections and Blanket Assertion of Privilege.**

*See* Section V, B Subsections 1-3, *supra.*

**C.   FFG Must Be Compelled to Disclose Information Relevant to Ascertaining Membership in the Proposed Class.**

It is Ms. Rodriguez's burden to establish each Rule 23(a) element, and one or more Rule 23(b) elements and, therefore, she must be permitted to obtain supporting evidence which is uniquely in the possession, custody, or control of FFG. Fed. R. Civ. P. 23. Prior decisions of the Fifth Circuit Court of Appeals "make it clear [] that in most cases 'a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action'" *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (quoting *Pittman v. E. I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977)). "One subject of discovery on class issues prior to plaintiff class determination is class

18

numerosity. . . . [I]nformation about the approximate number of class members is often contained in the defendant's records. When a demonstration of numerosity is dependent on those records, the court will permit the plaintiff to seek discovery." 7 Newberg on Class Actions § 22:79 (4th ed.) (internal citation omitted). *See e.g. Castro v. Collecto, Inc*., 256 F.R.D. 534 (W.D. Tex. 2009) ("Defendants cannot be permitted to deny numerosity by failing to respond to reasonable discovery requests").

The fact that this Court has not yet determined whether to certify this action as a class action does not preclude limited class discovery between the parties. Such discovery is appropriate before, and will assist this Court's rigorous Rule 23 analysis. *Unger v. Amedisysis, Inc*., 401 F.3d 316, 320-321 (5th Cir. 2005). FFG should not conceal such evidence and be later permitted to argue that its absence precludes class certification.

## VIII.  MS. RODRIGUEZ PROPERLY REQUESTED DOCUMENTS AND INFORMATION RELEVANT TO THE CALCULATION OF FFG'S NET WORTH.

Ms. Rodriguez's discovery requests properly request documents and information relevant to calculating FFG's net worth. App. 46-48 (request for production nos. 9, 14-28, 41-42, and 75); App. 59-60 (interrogatory nos. 11 and 16); App. 68 (request for admission No. 21).

### A.  FFG Refused to Provide Documents and Information Relevant to Ascertaining Class Membership Based on Blanket Claims of Privilege and Boilerplate Objections.

FFG's responses here again comprise identically insufficient objections and claims of privilege. For example:

> 15.  Internal balance sheets, assets and liability statements, and statements of net worth for Fulton, Friedman & Gullace, LLP for the years 2010, 2011, and 2012 year to date.
>
> **RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes**

**bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). This request is not reasonably calculated to lead to admissible evidence.**

16. Internal income statements, profit and loss statements, statements of financial performance, earnings statements, and operating statements for Fulton, Friedman & Gullace LLP for the years 2010, 2011, and 2012 year to date.

**RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if disclosed to competitors, would significantly damage FFG's, Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). This request is not reasonably calculated to lead to admissible evidence.**

18. All reports of independent auditors or accountants, including but not limited to audited financial statements, reviewed financial statements, and compiled financial statements, provided to, or on behalf of, or at the request of, Fulton, Friedman & Gullace, LLP for the years 2010, 2011, and 2012 year to date.

**RESPONSE: FFG objects and asserts information or material responsive to the request has been withheld because it is privileged. This party objects to the discovery request to the extent same this request is so broad as to encompass documents, materials, and communications protected from disclosure to non-party individuals or entities because same constitutes bona fide trade secrets or other intangible property rights, which if**

**disclosed to competitors, would significantly damage FFG's, Midland Funding LLC and MCM's ability to conduct business. The request has a compelling particularized interest in nondisclosure of these materials to nonparty individuals or entities. See Eli Lilly and Company v. Marshall, 850 S. W.2d 155, 160 (Tex. 1993). As such, FFG reserves the right to present said documents to the court in camera and requests the court to enter a protective order severely limiting access to, and disclosure of, the documents or their content. See Garcia v. Peeples, 734 S. W.2d 343, 348 (Tex. 1987). Objection. This request is not reasonably calculated to lead to admissible evidence and irrelevant. This request is overly broad, irrelevant, harassing, improper fishing expedition, and unduly burdensome in that this request is not limited in scope or time. Subject to and without waiving the privileges and objection, FFG asserts that inspection and related activities for non-privileged items will be permitted.**

App. 78-80 (request for production nos. 15, 16, 18).

**B.    The Circumstances Behind FFG's Delay Weigh In Favor of Enforcing Waiver of FFG's Untimely, And Independently Insufficient, Unspecific Objections and Blanket Assertion of Privilege.**

*See* Section V, B Subsections 1-3, *supra.*

**C.    FFG Must Be Compelled to Disclose Information Relevant to Calculating FFG's Net Worth.**

In an FDCPA class action, the class's recoverable damages are limited to the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii). Accordingly, the net worth of each defendant is relevant. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 667-68 (D.N.M. 2009); *see also Mailloux v. Arrow Financial Services, LLC.*, 2002 WL 246771 (E.D.N.Y. 2002) (In the FDCPA class action context, net worth is "unquestionably relevant and discoverable. In any event, plaintiff need not accept defendant's interpretation of its financial data through representations in an affidavit but is entitled herself to examine the data underlying defendant's statement of net worth."); *Ellison v. Patterson-UTI Drilling Co., LLC*, CIV.A. V-08-67, 2009 WL 3247193 (S.D. Tex. Sept. 23, 2009) (granting motion to compel disclosure of information concerning net worth in non-FDCPA context). Production of evidence concerning net worth is appropriate before

class certification. *Scott v. Universal Fidelity Corp*., 42 F. Supp. 2d 837 (N.D. Ill. 1999) (compelling net worth information five months before class certification ruling), *abrogated on other grounds by Saunders v. Jackson*, 299 F.3d 998 (7th Cir. 2000).

## IX.   CONCLUSION.

WHEREFORE, Ms. Rodriguez respectfully submits this motion and requests an Order compelling Fulton, Friedman & Gullace, LLP, to take the following action within five days:

(a)   Produce, without objection, all documents responsive to request for production nos. 2, 3, 9-34,  41-48, 50, 52, 53, 55, 61-69, 71, 72, 75, and 77-79;

(b)   Answer completely, under oath and without objection, interrogatory nos. 1, 8-13, and 15-17;

(c)   Admit or deny, without objection, request for admission nos. 21, 23, 31, 32-34, 38, 39, 41, and 42-48;

(d)   Tender to Ms. Rodriguez's counsel the sum of $2,500, as compensation for the time invested in this motion.

Dated: January 11, 2012.                    WEISBERG AND MEYERS, LLC

By: s/ Noah D. Radbil
        Noah D. Radbil
        Texas Bar No. 24071015
        Southern District Bar No. 1069583
        noah.radbil@attorneysforconsumers.com
        WEISBERG & MEYERS, LLC
        Two Allen Center
        1200 Smith Street, Sixteenth Floor
        Houston, Texas 77002
        Telephone:      (888) 595-9111
        Facsimile:      (866) 317-2674

        *Attorney-in-Charge for Plaintiff*
        MARTHA RODRIGUEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARTHA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-11-4592** |
| | § | |
| **FULTON FRIEDMAN & GULLACE,** | § | |
| **LLP, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, the foregoing was filed electronically via CM/ECF, which automatically effected service upon all counsel of record.

C. Ed Harrell
eharrell@hwa.com
Hughes Watters Askanase, LLC
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone:     (713) 759-0818
Facsimile:     (713) 759-6834

*Attorney-in-Charge for Defendants*
ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.

Johnetta D. Lang
johnetta@fultonfriedman.com
FULTON, FRIEDMAN & GULLACE, LLP
The Binz Bldg.
1001 Texas St., Ste. 500
Houston, TX 77002
Telephone:     (713) 300-6390
Facsimile:     (281) 888-2400

*Attorney-in-Charge for Defendant*
FULTON, FRIEDMAN & GULLACE, LLP

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has conferred with counsel for Fulton, Friedman & Gullace, LLP on several occasions as detailed in Section II of this motion, but has been unable to obtain discovery.  FFG opposes this motion.  On January 11, 2013, I certify that I discussed the relief sought herein with counsel of record for the Encore Defendants.  The Encore Defendants neither agree nor oppose the relief sought by this motion.

s/ Noah D. Radbil
Noah D. Radbil

23